UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NOVEL OTIS FOSTER,

            Plaintiff,

v.                                                       Case No. 21-cv-1244-pp

MICHAEL TANEM,
and SHAUN LESNIEWSKI,

            Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT (DKT. NO. 7) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

---

      Novel Otis Foster, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants improperly seized and held his property. A few days after receiving the complaint, the court received the plaintiff's motion to amend the complaint. Dkt. No. 7. The motion says that the plaintiff has additional information about his claim that was not included in the first complaint. Id. at ¶2. Under Federal Rule of Civil Procedure 15, "[a] party may amend its pleading once as a matter of course within" twenty-one days of service or within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1). Because the court has not yet screened the complaint or ordered service on any defendant, the court will grant the plaintiff's motion. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens the amended complaint, dkt. no. 7-1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed the complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to let an incarcerated plaintiff proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 28, 2021, the court ordered the plaintiff to pay an initial partial filing fee of $36.27. Dkt. No. 6. The court received that fee on November 8, 2021. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Amended Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the amended complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, the amended complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The amended complaint alleges that on August 22, 2019, Detectives Michael Tanem and Shaun Lesniewski of the Milwaukee Police Department were investigating an unspecified crime. Dkt. No. 7-1 at 2. The detectives saw the plaintiff's white pickup truck parked on a parking slab nearby; the parking slab was behind a building on North 11th Lane. Id. at 2–3. The plaintiff says his truck had been parked there since 9:00 a.m. Id. He says the truck contained his personal property, including tools, the truck's title and the plaintiff's carpentry certification. Id. The detectives towed the truck on August 22, 2019, "going into midnight." Id. at 3. The next morning, Lesniewski obtained a search warrant for the truck, although the plaintiff alleges the detectives never showed him the warrant. Id. The plaintiff alleges that at the time he filed the complaint, it had been twenty-six months since the detectives towed his truck, and they had not contacted him about his missing truck and personal property. Id. He asserts that the truck was not parked illegally on the street; it was parking on the parking slab for "a brake job (Repair service)." Id. He says that the truck wasn't used to assist in committing a crime, or as a getaway car or to commit a crime. Id.

The plaintiff says that after his "pending case was done," he asked his attorney how he could obtain his property. Id. at 3–4.[1] The attorney told the

---

[1] The Wisconsin Court Access webpage shows the plaintiff was taken into custody on August 27, 2019, only days after the alleged search. See https://wcca.wicourts.gov/ (Milwaukee County Case Number 2019CF003799). On January 22, 2021, a jury found the plaintiff guilty after a trial on one count

4
Case 2:21-cv-01244-PP   Filed 08/24/22   Page 4 of 15   Document 17

plaintiff that the officers "on the case" were supposed to contact him about his property; she also told him that he could petition the state court for its return. Id. The plaintiff says he filed a petition with the clerk of the state court, but the petition was returned to him with instructions to have it stamped by the Office of the City Attorney and the District Attorney's Office. Id. The plaintiff followed those instructions and obtained a stamp from the City Attorney's Office, but the District Attorney's Office never returned his request for a stamp. Id. The plaintiff "waited a couple month's [*sic*] to give them time." Id. On August 27, 2021, he sent another petition and letter to the District Attorney's Office against requesting a stamp for his petition. Id. After thirty days, he still had not received a response. Id. He sent a third petition and letter via certified mail to be sure the office received his materials, but as of the date he filed the complaint, he still hadn't received a response from the District Attorney's Office. Id. at 4–5.

The plaintiff also sent a letter to the tow lot. Id. at 5. He says the tow lot informed him that his truck was held as evidence until March 22, 2021, and that it was "was disposed on 6-22-2021." Id. The plaintiff says he never was notified about this and that officers never tried to contact him. Id. The plaintiff appears to assume that his truck and the tools and other property inside it were destroyed or sold at an auction. Id.; Dkt. No. 7 at ¶2.

---

of first-degree reckless homicide and three counts of unlawful possession of a firearm. Id.

The plaintiff asserts the detectives unlawfully seized his truck. Dkt. No. 7-1 at 3. He says his truck was not used to assist or commit a crime but was parked for repair services. Id. He says the detectives never contacted him about his truck, as state law requires. Id. at 5 (citing Wis. Stat. §968.20(2)). He asserts the detectives violated his rights under the Fourth and Fourteenth Amendments and Wisconsin law. Id. at 3. He seeks compensatory damages for the destruction or sale of his truck and personal property and for his emotional distress. Id. at 5. He also asks the court "to let them know they should follow the rules on return of property because [he] has a right to know about property [he] own[s]." Id. at 6.

C.  Analysis

The court reviews the plaintiff's claim about the initial seizure of his property under the Fourth Amendment, which applies to the states through the Fourteenth Amendment. See Ker v. California, 374 U.S. 23, 30–31 (1963). The Fourth Amendment protects against unreasonable seizures of property, including personal property, by government actors. See Bell v. City of Chi., 835 F.3d 736, 739 (7th Cir. 2016) (citing United States v. Jacobsen, 466 U.S. 109, 113 (1984)); Pepper v. Vill. of Oak Park, 430 F.3d 805, 809 (7th Cir. 2005) (citing Oliver v. United States, 466 U.S. 170, 177 n.7 (1984)). A seizure of personal property "occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" Soldal v. Cook Cty., Ill., 506 U.S. 56, 61 (1992) (quoting United States v. Jacobsen, 466 U.S. 109, 113 (1984)).

Generally, "'seizures of personal property are unreasonable within the meaning of the Fourth Amendment . . . [unless] accomplished pursuant to a judicial warrant.'" United States v. Burgard, 675 F.3d 1029, 1032 (7th Cir. 2012) (quoting Illinois v. McArthur, 531 U.S. 326, 330 (2001) (cleaned up)). But officers may temporarily seize personal property without a warrant if they have "'probable cause to believe that . . . [the property] holds contraband or evidence of a crime'" and if exigent circumstances warrant the seizure. Id. (quoting United States v. Place, 462 U.S. 696, 701 (1983)). Even permissible, warrantless seizures must be reasonable under the Fourth Amendment. Id.

The plaintiff alleges the detectives impounded his truck and left it in a tow yard during the pendency of his criminal case. He says his truck since has been destroyed or sold. These actions would "meaningfully interfere" with the plaintiff's possessory interests in his truck and personal belongings. The court finds that the plaintiff properly alleges the defendants seized his truck and its contents.

The next question is whether the seizure was reasonable. The plaintiff alleges the seizure was not reasonable because it had no connection to the crime the detectives were investigating. He says the truck was merely near the area where they were conducting their investigation, awaiting repairs and not used in any purported crime. The plaintiff says the detectives did not have a warrant for the seizure; he says the detectives later obtained a warrant to *search* the truck. The amended complaint specifically alleges the truck was not related to a crime—either the crime for which the plaintiff was convicted or any

other crime—and was therefore irrelevant to the officers' investigation. The Court of Appeals for the Seventh Circuit has held that a plaintiff has a valid claim in federal court when he "seeks return of property based on lack of probable cause to confiscate the property." Gullikson v. City of Milwaukee Municipality, No. 17-CV-105-PP, 2017 WL 3301361, at *2 (E.D. Wis. Aug. 2, 2017) (citing Supreme Video, Inc. v. Schauz, 15 F.3d 1435, 1443 (7th Cir. 1994)). Although the plaintiff does not use the words "lack of probable cause" in his amended complaint, the nature of his claim is that the seizure was not reasonable because the officers did not have probable cause to believe that it had been used in a crime. Construing the facts in the amended complaint in the light most favorable to the plaintiff, the court concludes that the plaintiff has stated sufficient facts to support a Fourth Amendment claim for the unreasonable seizure of his truck and its contents. He may proceed on that claim.

The plaintiff also has a right to the return of his lawful property. That right is guaranteed by the Due Process Clause of the Fourteenth Amendment, which protects against "deprivations of life, liberty, and property." Isby v. Brown, 856 F.3d 508, 524 (7th Cir. 2017); see Pierner-Lytge v. Mitchell, 412 F. Supp. 3d 1012, 1022 (E.D. Wis. 2019) (citing Lee v. City of Chi., 330 F.3d 456, 465–66 (7th Cir. 2003)). To determine whether the defendants deprived the plaintiff of a property interest, the court first must determine whether he had such an interest; if so, the court must determine what process he was due before the state could restrict it. Isby, 856 F.3d at 524 (citing Hess v. Bd. of

Trs. of S. Ill. Univ., 839 F.3d 668, 673 (7th Cir. 2016)). "To claim a property interest protected by the Fourteenth Amendment, a person must have more than a unilateral expectation of the claimed interest. He must, instead, have a legitimate claim of entitlement to it." Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 900 (7th Cir. 2012) (citations omitted). State law can provide the requisite "legitimate claim of entitlement." Id.

Even assuming the plaintiff has a legitimate claim of entitlement to the truck and its contents, the plaintiff has a different problem as to this claim. Claims for deprivation of property are not actionable under §1983 if adequate state remedies are available to redress the deprivation, even if the property is taken intentionally. See Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), partially overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 330–31 (1986); Mitchell v. Whiteleather, 248 F.3d 1158, at *1 (7th Cir. 2000) (unpublished). Put differently, "'[u]nauthorized deprivations of property violate the due-process clause only when no post-deprivation procedures are available.'" Washington v. Campbell, No. 20-CV-990, 2021 WL 2188358, at *4 (E.D. Wis. May 28, 2021) (quoting Morris v. Scott, 840 F. App'x 14, 15 (7th Cir. 2021)). The state of Wisconsin "provides several post-deprivation procedures for challenging the taking of property." Cole v. Litscher, 343 F. Supp. 2d 733, 742 (W.D. Wis. 2004) (citing Wis. Const. art. I, §9; Wis. Stat. §§810 and 893); see Washington, 2021 WL 2188358, at *4 (citing Wis. Stat. §968.20).

9
Case 2:21-cv-01244-PP   Filed 08/24/22   Page 9 of 15   Document 17

The plaintiff says that he has pursued available state remedies by petitioning for return of his property. The docket in his state court case shows he filed a petition for return of his property on October 18, 2021. See https://wcca.wicourts.gov/ (Milwaukee County Case Number 2019CF003799). It is not clear whether this was the only petition he filed, given his allegations about his earlier attempts to complete that process. Nonetheless, the plaintiff was aware of his remedy for return of (or compensation for) his seized property. Even if the property has been destroyed, as he surmises, Wisconsin law provides tort remedies for property that is converted, damaged or destroyed by another. See Vollmer v. Green Bay City Police Dep't, No. 18-CV-1629, 2018 WL 6067240, at *3 (E.D. Wis. Nov. 20, 2018) (citing Wis. Stat. §§893.35 (action to recover personal property after wrongful taking, conversion or wrongful detention); 893.51 (action for damages resulting from wrongful taking, conversion or wrongful detention of personal property); 893.52 (action for damages from injury to property)). Because those remedies were and/or are available to him, the plaintiff cannot state a due process claim.

The plaintiff also asserts that the detectives violated state law by failing to contact him about his property or return it. A violation of state law alone does not infringe a constitutional right and cannot serve as the basis for claim under §1983. See Swarthout v. Cooke, 562 U.S. 216, 221–22 (2011); Wells v. Caudill, 967 F.3d 598, 602 (7th Cir. 2020). But 28 U.S.C. §1367 allows a federal court to exercise supplemental jurisdiction over a state law claim if it is "so related" to the federal claim that it "form[s] part of the same case or

controversy under Article III" of the Constitution. While it is a close call, the court finds that the plaintiff's claim that the officers violated state law by failing to contact him about his property or return it is related to the Fourth Amendment claim. At this stage, the court will allow the plaintiff to proceed on this claim by exercising its supplemental jurisdiction.

The plaintiff seeks damages and an order from the court telling the detectives to "follow the rules on return of property." Dkt. No. 7-1 at 6. In effect, the plaintiff seeks an injunction addressing future seizures of property. But injunctive relief under §1983 "is only proper if there is a continuing violation of federal law." See Kress v. CCA of Tenn., LLC, 694 F.3d 890, 894 (7th Cir. 2012) (citing Green v. Mansour, 474 U.S. 64, 73 (1985)). As explained above, the plaintiff may proceed only on his claim that the defendants violated his federal rights in the past when they seized his property. He has not stated a claim regarding the continued deprivation of his property. Because the plaintiff's allegations about the deprivation of his property do not constitute an ongoing *constitutional* violation, injunctive relief is not available. His Fourth Amendment claim and the claim that officers violated state law by failing to contact him will proceed on his request for damages only.

The court notes that the plaintiff has another civil case pending before a different court in this district: Case No. 21-cv-582-NJ. In that case, the plaintiff has alleged that a prison official violated his right to due process by withholding important evidence needed in his state court criminal matter until after he had been convicted. Id., Dkt. No. 20 at 5. Magistrate Judge Nancy

Joseph concluded that because the plaintiff's state court case was ongoing, his claim might be precluded by Heck v. Humphrey, 512 U.S. 477, 487 (1994), which held that a civil rights lawsuit is barred where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. Judge Joseph stayed the plaintiff's federal case pending notice that his state court case and appeals have concluded. Id. at 6; see also Text Only Order of 9/8/2021 (denying the plaintiff's request to lift stay because the plaintiff had not "demonstrate[d] to the court that his state case is fully resolved, including any appeals").

The plaintiff's current case before this court does not involve the same preclusion issue. Although the plaintiff similarly alleges that state officials have denied him his property, he does not allege that his truck and its contents were related to his state court criminal case. To the contrary, he asserts that his property was *unrelated* to any crime and was not used in the commission of a criminal act. Therefore, whether state officials unlawfully seized his truck and personal property has no bearing on his state court criminal matter, and a judgment in his favor on that claim will not "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 487.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to amend his complaint. Dkt. No. 7. The court **ORDERS** that the Clerk of Court must docket the amended complaint as the operative complaint. Dkt. No. 7-1.

The court **ORDERS** the U.S. Marshals Service to serve a copy of the complaint and this order on defendants Michael Tanem and Shaun Lesniewski of the Milwaukee Police Department under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** defendants Tanem and Lesniewski to file a responsive pleading to the complaint.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$313.73** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number.

If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing the case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 24th day of August, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**